# Exhibit E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

QHOTELS LLC *et al.*

PLAINTIFFS,

V.

CHOICE HOTELS INTERNATIONAL, INC. and
CHOICE HOTELS OWNERS COUNCIL,

DEFENDANTS.

CIVIL ACTION No. 5:20-cv-02823

JURY TRIAL DEMANDED

### DECLARATION OF [NAME OF DECLARANT] IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, **[NAME OF DECLARANT]**, declare as follows:

1.      I am the Managing Partner OF **QHOTELS LLC** and I have personal knowledge of the facts set forth herein.

2.      **QHOTELS LLC** operates **ONE** hotel(s) operating under a Choice brand mark, located at 3609 MOBERLY LANE, BENTONVILLE, AR 72712

3.      **QHOTELS LLC** cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4.      **QHOTELS LLC** hotel(s) has/have a maximum occupancy of 43% at ADR $28**.**

5.      In an average month before the beginning of the Covid-19 pandemic, the hotel(s) had a normal occupancy rate of 42 % at an average daily rate of **$51**.

6.      Since the beginning of the Covid-19 pandemic, the average occupancy rate has dropped to [42 % at an average daily rate of **$36**.

7.      In an average month before the beginning of the Covid-19 pandemic, **QHOTELS LLC** had average revenues of approximately **$32000** and expenses of **$38000**

8. Due to the Covid-19 pandemic, **QHOTELS LLC** has average monthly revenues of approximately $28000 and expenses of $38000.

9 **QHOTELS LLC** has **$84000 (EIDL LOAN)** cash on hand and a Mortgage of $982,000 + 400,000 + 160,000 = 1,542,000 plus running costs, To run the business

11. When entering into the Franchise Agreement with Choice Hotels International, Inc., the Arbitration Provision was presented to **QHOTELS LLC** on a non-negotiable, take-it-or-leave-it basis.

12. When entering into the Franchise Agreement with Choice Hotels International, Inc., **QHOTELS LLC** was not represented by legal counsel.

13. For all of these reasons, **QHOTELS LLC**, simply cannot afford the cost of arbitration.

14. **QHOTELS LLC** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

15. Paying even $7,500.00 for representation in this Action has been a significant financial strain on **QHOTELS LLC.** Indeed, **QHOTELS LLC** has entered into a payment plan with White and Williams, because it could not afford to make a single lump-sum payment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this 12 of August, 2020 in **Bentonville, AR 72712**.

_____
**Arun Chawla**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAI SAI BABA LLC *et al.*

CIVIL ACTION No. 5:20-cv-02823

PLAINTIFFS,

V.

JURY TRIAL DEMANDED

CHOICE HOTELS INTERNATIONAL, INC. and
CHOICE HOTELS OWNERS COUNCIL,

DEFENDANTS.

## DECLARATION OF [NAME OF DECLARANT] IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, **Parth Patel** declare as follows:

1. I am the **President OF Hot Springs Host Inc.** and I have personal knowledge of the facts set forth herein.

2. **Hot Springs Host Inc.** operates **One** hotel(s) operating under a Choice brand mark, located at **4319 Central Ave. Hot Springs, AR 71913** also known as Quality Inn & Suites

3. **Hot Springs Host, Inc** cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4. **Hot Springs Host Inc.** has/have a maximum occupancy of **90 rooms.**

5. In an average month before the beginning of the Covid-19 pandemic, the hotel(s) had a normal occupancy rate of **40.10%** at an average daily rate of **$72.98**.

6. Since the beginning of the Covid-19 pandemic, the average occupancy rate has dropped to **28.6%** at an average daily rate of **$68.21**

7.  In an average month before the beginning of the Covid-19 pandemic, **Hot Springs Host Inc.** had average revenues of approximately **$68,630** and expenses of **$70,000**

8.  Due to the Covid-19 pandemic, **Hot Springs Host Inc.** has average monthly revenues of approximately **$40,000.00** and expenses of **$60,000.00.**

9.  Due to the Covid-19 pandemic **Hot Springs Host Inc.**has been forced to lay off staff, including **a Full-Time Engineer, a Head Housekeeper, two Full-Time Receptionist, a Breakfast Attendant and a Laundry Attendant.**

10. **Hot Springs Host Inc.** has approximately **$2,672.00**cash on hand after receiving SBA Disaster Relief thru the Payroll Protection Plan

11. When entering into the Franchise Agreement with Choice Hotels International, Inc.,the Arbitration Provision was presented to **Hot Springs Host Inc** on a non-negotiable, take-it-or-leave-it basis.

12. When entering into the Franchise Agreement with Choice Hotels International, Inc., **Hot Springs Host Inc.**was not represented by legal counsel.

13. For all of these reasons, **Hot Springs Host Inc.,** simply cannot afford the cost of arbitration.

14. **Hot Springs Host Inc.** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

15. Paying even $7,500.00 for representation in this Action has been a significant financial strain on **Hot Springs Host Inc.**

25063293v.1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this **4th** of August, 2020 in Hot .Springs, AR

Parth Patel

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAI SAI BABA LLC *et al.*

CIVIL ACTION No. 5:20-cv-02823

PLAINTIFFS,

V.

CHOICE HOTELS INTERNATIONAL, INC. and
CHOICE HOTELS OWNERS COUNCIL,

JURY TRIAL DEMANDED

DEFENDANTS.

## DECLARATION OF [NAME OF DECLARANT] IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, **Dipesh Patel**, declare as follows:

1.      I am the **Managing Member OF Jai Sai Baba LLC** and I have personal knowledge of the facts set forth herein.

2.      **Jai Sai Baba LLC** operates **One** hotel(s) operating under a Choice brand mark, located at **6347 E. Southern Ave. Mesa, AZ 85206**.

3.      **Jai Sai Baba LLC** cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4.      **Jai Sai Baba LLC** hotel(s) has/have a maximum occupancy of **84 rooms.**

5.      In an average month before the beginning of the Covid-19 pandemic, the hotel(s) had a normal occupancy rate of **84%** at an average daily rate of **$88.00.**

6.      Since the beginning of the Covid-19 pandemic, the average occupancy rate has dropped to **62%** at an average daily rate of **$87.00**.

7.      In an average month before the beginning of the Covid-19 pandemic, **Jai Sai Baba LLC** had average revenues of approximately **$195,000.00** and expenses of **157,000.00.**

8. Due to the Covid-19 pandemic, **Jai Sai Baba LLC** has average monthly revenues of approximately **$140,000.00** and expenses of **$140,000.00.**

9. Due to the Covid-19 pandemic, **Jai Sai Baba LCL** has been forced to lay off staff, including **2 Front Desk agents, Chief engineer.**

10. **Jai Sai Baba LLC** has **$257,000.00** cash on hand heading into the slowest months of the year.

11. When entering into the Franchise Agreement with Choice Hotels International, Inc., the Arbitration Provision was presented to **Jai Sai Baba LLC** on a non-negotiable, take-it-or-leave-it basis.

12. When entering into the Franchise Agreement with Choice Hotels International, Inc., **Jai Sai Baba LLC** was not represented by legal counsel.

13. For all of these reasons, **Jai Sai Baba LLC,** simply cannot afford the cost of arbitration.

14. **Jai Sai Baba LLC** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this **4th** of August, 2020 in **Phoenix, Arizona.**

**Dipesh Patel**

| | |
|---|---|
| JAI SAI BABA LLC *et al.* | CIVIL ACTION No. 5:20-cv-02823 |
| PLAINTIFFS, | |
| V. | |
| | JURY TRIAL DEMANDED |
| CHOICE HOTELS INTERNATIONAL, INC. and CHOICE HOTELS OWNERS COUNCIL, | |
| DEFENDANTS. | |

### DECLARATION OF [NAME OF DECLARANT] IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, **Jayesh Patel**, declare as follows:

1.      I am the **Managing Member OF Radhe Radhe Corporation** and I have personal knowledge of the facts set forth herein.

2.      **Radhe Radhe Corporation** operates **One** hotel(s) operating under a Choice brand mark, located at **835 West A Street, Hayward, CA. 94541**.

3.      **Radhe Radhe Corporation** cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4.      **Radhe Radhe Corporation'S** hotel(s) has/have a maximum occupancy of **47 rooms.**

5.      In an average month before the beginning of the Covid-19 pandemic, the hotel(s) had a normal occupancy rate of **73%** at an average daily rate of **$107.00**.

6.      Since the beginning of the Covid-19 pandemic, the average occupancy rate has dropped to 47% at an average daily rate of **$109.00**.

7.    In an average month before the beginning of the Covid-19 pandemic, **Radhe Radhe Corporation** had average revenues of approximately **$109,000.00** and expenses of **$92,000.00.**

8.    Due to the Covid-19 pandemic, **Radhe Radhe Corporation** has average monthly revenues of approximately **$75,000.00** and expenses of **$77,000.00.**

9.    **Radhe Radhe Corporation** has **$75,000.00** cash on hand after receiving SBA Disaster Relief through the Payroll Protecdtion Plan and Economic Injury Disaster Loan programs.

10.    When entering into the Franchise Agreement with Choice Hotels International, Inc., the Arbitration Provision was presented to **Radhe Radhe Corporation** on a non-negotiable, take-it-or-leave-it basis.

11.    When entering into the Franchise Agreement with Choice Hotels International, Inc., **Radhe Radhe Corporation** was not represented by legal counsel.

12.    For all of these reasons, **Radhe Radhe Corporation**, simply cannot afford the cost of arbitration.

13.    **Radhe Radhe Corporation** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

14.    Paying even $7,500.00 for representation in this Action has been a significant financial strain on **Radhe Radhe Corporation.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this **10th** of August, 2020 in **Hayward, CA**.

_JD Patel_
**Jayesh Patel**

---

JAI SAI BABA LLC *et al.*                                CIVIL ACTION No. 5:20-cv-02823

PLAINTIFFS,

V.

JURY TRIAL DEMANDED

CHOICE HOTELS INTERNATIONAL, INC.  and
CHOICE HOTELS OWNERS COUNCIL,

---

DEFENDANTS.

---

<u>**DECLARATION OF** [NAME OF DECLARANT] **IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**</u>

I, **[Sanjay Patel]**, declare as follows:

1.     I am the **[President]** OF **[MS Investments, Inc]** and I have personal knowledge of the facts set forth herein.

2.     **[MS Investments, Inc]** operates **[76]** hotel(s) operating under a Choice brand mark, located at **[200 E. Willow St. Long Beach, CA 90806]**.

3.     **[MS Investments, Inc]** cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4.     **[MS Investments, Inc]** hotel(s) has/have a maximum occupancy of **[76].**

5.     In an average month before the beginning of the Covid-19 pandemic, the hotel(s) had a normal occupancy rate of **[80%]** at an average daily rate of **[$160]**.

6.     Since the beginning of the Covid-19 pandemic, the average occupancy rate has dropped to **[55%]** at an average daily rate of **[$130]**.

7.     In an average month before the beginning of the Covid-19 pandemic, **[MS Investments, Inc]** had average revenues of approximately **[250,000 MONTHLY REVENUES]** and expenses of **[180,000 MONTHLY EXPENSES].**

8.     Due to the Covid-19 pandemic, **[MS Investments, Inc]** has average monthly revenues of approximately **[180,000 MONTHLY REVENUES]** and expenses of **[180,000 MONTHLY EXPENSES].**

9.     Due to the Covid-19 pandemic, **[MS Investments, Inc]** has been forced to lay off staff, including **[Sales Manager].**

10.     **[MS Investments, Inc]** has **[200,000]** cash on hand.

11.     When entering into the Franchise Agreement with Choice Hotels International, Inc., the Arbitration Provision was presented to **[MS Investments, Inc]** on a non-negotiable, take-it-or-leave-it basis.

12.     When entering into the Franchise Agreement with Choice Hotels International, Inc., **[MS Investments, Inc]** was not represented by legal counsel**.**

13.     For all of these reasons, **[MS Investments, Inc]**, simply cannot afford the cost of arbitration.

14.     **[MS Investments, Inc]** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

15**.**     Paying even $7,500.00 for representation in this Action has been a significant financial strain on **[MS Investments, Inc].** Indeed, **[MS Investments, Inc]** has entered into a payment plan with White and Williams, because it could not afford to make a single lump-sum payment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this **[8/12/2020]** of August, 2020 in **[200 E. Willow St. Long Beach, CA 90806]**.

_____/s/  Sanjay Patel_____
**[NAME OF DECLARANT]**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LAXMIKRUPA CORPORATION *et al.*

                                        CIVIL ACTION No. 5:20-cv-02823

PLAINTIFFS,

V.

                                        JURY TRIAL DEMANDED

CHOICE HOTELS INTERNATIONAL, INC. and
CHOICE HOTELS OWNERS COUNCIL,

                    DEFENDANTS.

## DECLARATION OF GIRISH R. PATEL IN SUPPORT OF PLAINTIFFS' <u>OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION</u>

I, Girish R. Patel, declare as follows:

1.     I am the President of Laxmikrupa Corporation and I have personal knowledge of the facts set forth herein.

2.     Laxmikrupa Corporation operates one hotel(s) operating under a Choice brand mark CAA66, located at 753 Glendora Avenue, La Puente CA 91744.

3.     Laxmikrupa Corporation cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4.     Laxmikrupa Corporation hotel(s) has/have a maximum occupancy of 41 rooms.

5.     In an average month before the beginning of the Covid-19 pandemic, the hotel(s) had a normal occupancy rate of 90-95% at an average daily rate of $130.00.

6.     Since the beginning of the Covid-19 pandemic, the average occupancy rate has dropped to 70% at an average daily rate of $99.00.

7.     In an average month before the beginning of the Covid-19 pandemic, Laxmikrupa Corporation had average monthly revenues of approximately $120,000 and expenses of $110,000.

8.    Due to the Covid-19 pandemic, Laxmikrupa Corporation has average monthly revenues of approximately $85,000 and expenses of $95,000.

9.    Laxmikrupa Corporation has $1.5 million debts and current liabilities.

10.   When entering into the Franchise Agreement with Choice Hotels International, Inc., the Arbitration Provision was presented to Laxmikrupa Corporation on a non-negotiable, take-it-or-leave-it basis.

11.   When entering into the Franchise Agreement with Choice Hotels International, Inc., Laxmikrupa Corporation was not given enough time for us to negotiate.

13.   For all of these reasons, Laxmikrupa Corporation, simply cannot afford the cost of arbitration.

14.   Laxmikrupa Corporation has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

15.   Paying even $7,500.00 for representation in this Action has been a significant financial strain on Laxmikrupa Corporation. Indeed, Laxmikrupa Corporation has entered into a payment plan with White and Williams, because it could not afford to make a single lump-sum payment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this Fifth of August, 2020 in Los Angeles County, California.

Girish R. Patel

JAI SAI BABA LLC *et al.*              CIVIL ACTION No. 5:20-cv-02823

PLAINTIFFS,

V.

                                  JURY TRIAL DEMANDED

CHOICE HOTELS INTERNATIONAL, INC. and
CHOICE HOTELS OWNERS COUNCIL,

DEFENDANTS.

## DECLARATION OF KALPANA GORAGANDHI IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, **Kalpana Goragandhi**, declare as follows:

1.    I am the **Managing Member** OF **Laburnum Hospitality, LLC** and I have personal knowledge of the facts set forth herein.

2.    **Laburnum Hospitality, LLC** is operating **One** hotel(s) operating under a Choice brand mark, located at **1612 N. Dupont Hwy, New Castle, DE 19720**.

3.    Laburnum Hospitality, **LLC** cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4.    **Laburnum Hospitality, LLC** has/have a maximum occupancy of **125 rooms.**

5.    In an average month before the beginning of the Covid-19 pandemic, the hotel(s) had a normal occupancy rate of **45.0%** at an average daily rate of **$70.00**.

6.    Since the beginning of the Covid-19 pandemic, the average occupancy rate has dropped to **20.0%** at an average daily rate of **$55.00**.

7. In an average month before the beginning of the Covid-19 pandemic, **Laburnum Hospitality, LLC** had average revenues of approximately **$125,000.00** and expenses of **$110,000.00.**

8. Due to the Covid-19 pandemic, **Laburnum Hospitality, LLC** has average monthly revenues of approximately **$50,000.00** and expenses of **$80,000.00.**

9. Due to the Covid-19 pandemic, **Laburnum Hospitality, LLC** has been forced to lay off staff, including a Full-Time Engineer, one Full-Time Receptionists, a Breakfast Attendant and a 3 full time housekeeper.

10. **Laburnum Hospitality, LLC** has approximately **$32,000.00** cash on hand after receiving SBA Disaster Relief thru the Payroll Protection Plan & Economic Injury Disaster Loan programs.

11. When entering into the Franchise Agreement with Choice Hotels International, Inc., the Arbitration Provision was presented to **Laburnum Hospitality, LLC** on a non-negotiable, take-it-or-leave-it basis.

12. When entering into the Franchise Agreement with Choice Hotels International, Inc., **Laburnum Hospitality, LLC** was not represented by legal counsel.

13. For all of these reasons, Laburnum Hospitality, **LLC,** simply cannot afford the cost of arbitration.

14. **Laburnum Hospitality, LLC** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

15. Paying even $7,500.00 for representation in this Action has been a significant financial strain on **Laburnum Hospitality, LLC.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this **4th** of August, 2020 in **New Castle, DE.**

**Kalpana Goragandhi**

JAI SAI BABA LLC *et al.*                     CIVIL ACTION No. 5:20-cv-02823

PLAINTIFFS,

V.

                                               JURY TRIAL DEMANDED

CHOICE HOTELS INTERNATIONAL, INC. and
CHOICE HOTELS OWNERS COUNCIL,

DEFENDANTS.

## DECLARATION OF [NAME OF DECLARANT] IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, **Sanjay Patel**, declare as follows:

1.      I am the **Managing Member** OF **Deerfield Hotel Two, LLC.** and I have personal knowledge of the facts set forth herein.

2.      **Deerfield Hotel Two, LLC** operates 1 hotel(s) operating under a Choice brand mark, located at **1040 E. Newport Center Dr. Deerfield Beach, FL 33442**.

3.      **Deerfield Hotel Two, LLC** cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4.      **Deerfield Hotel Two, LLC** hotel(s) has/have a maximum occupancy of **101 rooms.**

5.      In an average month before the beginning of the Covid-19 pandemic, the hotel(s) had a normal occupancy rate of **53%** at an average daily rate of **$83**.

6.      Since the beginning of the Covid-19 pandemic, the average occupancy rate has dropped to **10%** at an average daily rate of **$68**.

7.  In an average month before the beginning of the Covid-19 pandemic, **Deerfield Hotel Two, LLC C** had average revenues of approximately **$135,000** and expenses of **$125,000.**

8.  Due to the Covid-19 pandemic, **Deerfield Hotel Two, LLC** has average monthly revenues of approximately **$35,000** and expenses of **$95,000.**

9.  Due to the Covid-19 pandemic, **Deerfield Hotel Two, LLC** has been forced to lay off staff, including **two front desk agents, two Breakfast Attendants, four Housekeepers and two House person.**

10. **Deerfield Hotel Two, LLC** has **$100,000** cash on hand after receiving SBA Economic Injury Disaster Loan programs.

11. When entering into the Franchise Agreement with Choice Hotels International, Inc., the Arbitration Provision was presented to **Deerfield Hotel Two, LLC** on a non-negotiable, take-it-or-leave-it basis.

12. When entering into the Franchise Agreement with Choice Hotels International, Inc., **Deerfield Hotel Two, LLC** was not represented by legal counsel.

13. For all of these reasons, **Deerfield Hotel Two, LLC,** simply cannot afford the cost of arbitration.

14. **Deerfield Hotel Two, LLC** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

15. Paying even $7,500.00 for representation in this Action has been a significant financial strain on **Deerfield Hotel Two, LLC.** Indeed, **Deerfield Hotel Two, LLC** has entered into a payment plan with White and Williams, because it could not afford to make a single lump-sum payment.

-2-

Scanned with CamScanner

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this **Eleventh** of August, 2020 in **Hicksville, NY.**

**Sanjay Patel**

Scanned with CamScanner