**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CIVIL ACTION No. 5:20-cv-02823

PLAINTIFFS,

V.

JURY TRIAL DEMANDED

CHOICE HOTELS INTERNATIONAL, INC. and
CHOICE HOTELS OWNERS COUNCIL,

DEFENDANTS.

**DECLARATION OF ABHIJIT VASANI  IN SUPPORT OF PLAINTIFFS' <u>OPPOSITION
TO DEFENDANTS' MOTION TO COMPEL ARBITRATION</u>**

I, **Abhijit Vasani**, declare as follows:

1.  I am the **Managing Member** OF **Elite Hospitality LLC** and I have personal knowledge of the facts set forth herein.

2.  **Elite Hospitality LLC** operates **Quality Inn & Suites** Property Id-OH249 operating under a Choice brand mark, located at **4850 Frusta Drive Obetz, OH 43207**

3.  **Elite Hospitality LLC** cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4.  **Elite Hospitality LLC** has/have a maximum occupancy of **59 rooms.**

5.  In an average month before the beginning of the Covid-19 pandemic, the hotel(s) had a normal occupancy rate of **70.0%** at an average daily rate of **$63.00**.

6.  Since the beginning of the Covid-19 pandemic, the average occupancy rate has dropped to **40.0%** at an average daily rate of **$50.00**.

7.    In an average month before the beginning of the Covid-19 pandemic, **Elite Hospitality LLC**had average revenues of approximately **$80,000.00**and expenses of**$70,000.00.**

8.    Due to the Covid-19 pandemic, **Elite Hospitality LLC**has average monthly revenues of approximately **$45,000.00**and expenses of **$65,000.00.**

9.    Due to the Covid-19 pandemic, **Elite Hospitality LLC** has been forced to lay off staff, including **aFull-Time Engineer, a Head Housekeeper, two Full-Time Receptionist, a Breakfast Attendant and a Laundry Attendant.**

10.    **Elite Hospitality LLC** has approximately **$35,000.00**cash on hand after receiving SBA Disaster Relief thru the Payroll Protection Plan & Economic Injury Disaster Loan programs.

11.    When entering into the Franchise Agreement with Choice Hotels International, Inc.,the Arbitration Provision was presented to **Elite Hospitality LLC** on a non-negotiable, take-it-or-leave-it basis.

12.    When entering into the Franchise Agreement with Choice Hotels International, Inc., **Elite Hospitality LLC** was not represented by legal counsel.

13.    For all of these reasons, **Elite Hospitality LLC,** simply cannot afford the cost of arbitration.

14.    **Elite Hospitality LLC** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

15.    Paying even $7,500.00 for representation in this Action has been a significant financial strain on **Elite Hospitality LLC.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this **4th**of August, 2020 in **Columbus, Oh**.

**Abhijit Vasani**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PLAINTIFFS,

CIVIL ACTION No. 5:20-cv-02823

V.

CHOICE HOTELS INTERNATIONAL, INC. and
CHOICE HOTELS OWNERS COUNCIL,

JURY TRIAL DEMANDED

DEFENDANTS.

## DECLARATION OF ABHIJIT VASANI IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, **Abhijit Vasani**, declare as follows:

1. I am the **Managing Member**OF **Sunburst Hotels LLC** and I have personal knowledge of the facts set forth herein.

2. **Sunburst Hotels LLC**operates Quality Inn & Suites , Property ID –OH564 operating under a Choice brand mark, located at **7500 Vantage DR Columbus , OH 43235**.

3. **Sunburst Hotels LLC** cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4. **Sunburst Hotels LLC**has/have a maximum occupancy of **82 rooms.**

5. In an average month before the beginning of the Covid-19 pandemic, the hotel(s) had a normal occupancy rate of **42.0%**at an average daily rate of**$50.00.**

6. Since the beginning of the Covid-19 pandemic, the average occupancy rate has dropped to **23.0%** at an average daily rate of **$45.00**.

7.     In an average month before the beginning of the Covid-19 pandemic, **Sunburst Hotels LLC** had average revenues of approximately **$55,000.00**and expenses of**$45,000.00.**

8.     Due to the Covid-19 pandemic, **Sunburst Hotels LLC** has average monthly revenues of approximately **$25,000.00**and expenses of **$40,000.00.**

9.     Due to the Covid-19 pandemic, **Sunburst Hotels LLC** has been forced to lay off staff, including **a Full-Time Engineer, a Head Housekeeper , a Breakfast Attendant and a Laundry Attendant.**

10.**Sunburst Hotels LLC** has approximately **$35,000.00**cash on hand after receiving SBA Disaster Relief thru the Payroll Protection Plan & Economic Injury Disaster Loan programs.

11.     When entering into the Franchise Agreement with Choice Hotels International, Inc.,the Arbitration Provision was presented to **Sunburst Hotels LLC** on a non-negotiable, take-it-or-leave-it basis.

12.     When entering into the Franchise Agreement with Choice Hotels International, Inc., **Sunburst Hotels LLC** was not represented by legal counsel.

13.     For all of these reasons, **Sunburst Hotels LLC**, simply cannot afford the cost of arbitration.

14.     **Sunburst Hotels LLC** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

15.     Paying even $7,500.00 for representation in this Action has been a significant financial strain on **Sunburst Hotels LLC.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this **4th**of August, 2020 in **Columbus, OH**

**Abhijit Vasani**

JSK POTTSTOWNLLC *et al.*

CIVIL ACTION No. 5:20-cv-02823

PLAINTIFFS,

V.

JURY TRIAL DEMANDED

CHOICE HOTELS INTERNATIONAL, INC. and
CHOICE HOTELS OWNERS COUNCIL,

DEFENDANTS.

## DECLARATION OF [NAME OF DECLARANT] IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, **Dilip Gandhi**, declare as follows:

1.      I am the **Managing Member** of **JSK POTTSTOWN, LLC** and I have personal knowledge of the facts set forth herein.

2.      **JSK POTTSTOWN, LLC** operates **One** hotel(s) operating under a Choice brand mark, located at **61 W King St, Pottstown, PA 19464**.

3.      **JSK POTTSTOWN, LLC** cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4.      **JSK POTTSTOWN, LLC** has/have a maximum occupancy of **98 rooms.**

5.      In an average month before the beginning of the Covid-19 pandemic, the hotel(s) had a normal occupancy rate of **49.0%** at an average daily rate of **$59.00**.

6.      Since the beginning of the Covid-19 pandemic, average occupancy rate has dropped to **34.0%** at an average daily rate of **$66.00**.

7. In an average month before the beginning of the Covid-19 pandemic, **JSK POTTSTOWN, LLC** had average revenues of approximately **$72,000.00** and expenses of **$75,000.00.**

8. Due to the Covid-19 pandemic, **JSK POTTSTOWN, LLC** has average monthly revenues of approximately **$66,000.00** and expenses of **$60,000.00.**

9. Due to the Covid-19 pandemic, **JSK POTTSTOWN, LLC** has been forced to lay off staff, including **a Full-Time Engineer, a Head Housekeeper, two Full-Time Receptionist, a Breakfast Attendant and a Laundry Attendant.**

10. **JSK POTTSTOWN, LLC** has approximately **$200,000.00** cash on hand after receiving SBA Disaster Relief thru the Payroll Protection Plan & Economic Injury Disaster Loan programs.

11. When entering into the Franchise Agreement with Choice Hotels International, Inc., the Arbitration Provision was presented to **JSK POTTSTOWN, LLC** on a non-negotiable, take-it-or-leave-it basis.

12. When entering into the Franchise Agreement with Choice Hotels International, Inc., **JSK POTTSTOWN, LLC** was not represented by legal counsel.

13. For all of these reasons, **JSK POTTSTOWN, LLC**, simply cannot afford the cost of arbitration.

14. **JSK POTTSTOWN, LLC** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

15. Paying even $7,500.00 for representation in this Action has been a significant financial strain on **JSK POTTSTOWN, LLC.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this **10th** of August, 2020 in **Old Bridge, NJ**.

_Dilip Gandhi_
**Dilip Gandhi**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

JAI SAI BABA LLC *et al.*                              CIVIL ACTION No. 5:20-cv-02823

                     PLAINTIFFS,

          V.
                                                       JURY TRIAL DEMANDED

CHOICE HOTELS INTERNATIONAL, INC.  and
CHOICE HOTELS OWNERS COUNCIL,

                     DEFENDANTS.
_____

**DECLARATION OF [**NAME OF DECLARANT**] IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

I, **Vivek Patel**, declare as follows:

1.      I am the **Managing Member** of **Sai Ram Hoteliers, LLC** and I have personal

knowledge of the facts set forth herein.

2.      **Sai Ram Hoteliers, LLC** operates **One** hotel(s) operating under a Choice brand

mark, located at **1896 Rich Hwy, DuBois PA 15801**.

3.      **Sai Ram Hoteliers, LLC** cannot afford the cost of individual arbitration against

Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4.      **Sai Ram Hoteliers, LLC** has/have a maximum occupancy of **160 rooms.**

5.      In an average month before the beginning of the Covid-19 pandemic, the hotel(s)

had a normal occupancy rate of **30.0%** at an average daily rate of **$60.00**.

6.      Since the beginning of the Covid-19 pandemic, the average occupancy rate has

dropped to **10.0%** at an average daily rate of **$50.00**.

7.      In an average month before the beginning of the Covid-19 pandemic, **Sai Ram

Hoteliers, LLC** had average revenues of approximately **$86,000.00** and expenses of **$70,000.00**.

8. Due to the Covid-19 pandemic, **Sai Ram Hoteliers, LLC** has average monthly revenues of approximately **$23,000.00** and expenses of **$50,000.00.**

9. Due to the Covid-19 pandemic, **Sai Ram Hoteliers, LLC** has been forced to lay off staff, including **a Full-Time Engineer, 3 Housekeeper, 4 Full-Time Receptionist, a Breakfast Attendant and a Laundry Attendant.**

10. **Sai Ram Hoteliers, LLC** has approximately **$25,000.00** cash on hand after receiving SBA Disaster Relief thru the Payroll Protection Plan & Economic Injury Disaster Loan programs.

11. When entering into the Franchise Agreement with Choice Hotels International, Inc., the Arbitration Provision was presented to **Sai Ram Hoteliers, LLC** on a non-negotiable, take-it-or-leave-it basis.

12. When entering into the Franchise Agreement with Choice Hotels International, Inc., **Sai Ram Hoteliers, LLC** was not represented by legal counsel.

13. For all of these reasons, **Sai Ram Hoteliers, LLC**, simply cannot afford the cost of arbitration.

14. **Sai Ram Hoteliers, LLC** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

15**.** Paying even $7,500.00 for representation in this Action has been a significant financial strain on **Sai Ram Hoteliers, LLC.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this **10th** of August 2020 in **DuBois, PA**.

_Vivek Patel_
**Vivek Patel**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAI SAI BABA LLC *et al.* | CIVIL ACTION No. 5:20-cv-02823 |
| PLAINTIFFS, | |
| V. | JURY TRIAL DEMANDED |
| CHOICE HOTELS INTERNATIONAL, INC. and CHOICE HOTELS OWNERS COUNCIL, | |
| DEFENDANTS. | |

## DECLARATION OF JAYANTI PATEL IN SUPPORT OF PLAINTIFFS' <u>OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION</u>

I, **Jayanti Patel**, declare as follows:

1. I am the Managing Partner of **GETTYSBURG HOTELS LLC** and I have personal knowledge of the facts set forth herein.

2. **GETTYSBURG HOTELS LLC** operates ONE, hotel under a Choice brand mark, located at 945 BALTIMORE PIKE, GETTYSBURG, PA 17325.

3. **GETTYSBURG HOTELS LLC** cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4. **GETTYSBURG HOTELS LLC** hotel have a maximum occupancy of 70 **GUEST ROOMS.**

5. Before the beginning of the Covid-19 pandemic, during the period of January 1st, 2020 through March 15th, 2020 the hotel had occupancy rate of 43% compared to 28% from

previous year from January 1st through March 15th, 2019. Hotel was having 15% increase in occupancy for 2020 before Covid -19.

6        Before the beginning of the Covid-19 pandemic, during the period of January 1st, 2020 through March 15th, 2020 the hotel had average daily rate of $76 compared to $73 from previous year from January 1st through March 15th, 2019. Hotel was having $3 increase in daily rate for 2020 before Covid -19.

7.        Since the beginning of the Covid-19 pandemic, during the period of March 15th, 2020 through July 31st, 2020 the hotel had occupancy rate of 32% compared to 83% from previous year from March 15th through July 31st, 2019. Hotel suffered 66% decrease in occupancy for 2020 since Covid -19.

8        Since the beginning of the Covid-19 pandemic, during the period of March 15th, 2020 through July 31st, 2020 the hotel had average daily rate of $89 compared to $118 from previous year from March 15th through July 31st, 2019. Hotel suffered $29 decrease in daily rate for 2020 since Covid -19.

9.      .    Before the beginning of the Covid-19 pandemic, during the period of January 1st, 2020 through March 15th, 2020 the hotel had a revenue of $148,000 compared to $110,000 from previous year from January 1ts through March 15, 2019. Hotel was having $38,000 increase in revenue for 2020 before Covid -19.

10.       Since the beginning of the Covid-19 pandemic, during the period of March 15th, 2020 through July 31st, 2020 the hotel had a revenue of $278,000 compared to $898,000 from previous year from March 15th through July 31st, 2019. Hotel suffered $620,000 decrease in revenue for 2020 before Covid -19.

11. The operating expense for 2019 for the hotel was approximate $1,560,000 including the loan payment which is approximate $130,000 per month. Despite of decrease in occupancy some of the fixed cost such as loan payment, real estate taxes, insurance and certain franchise fees remain unchanged. However due to reduction of the payroll cost and consumable supply and utility cost that is reduced to approximate $90,000 per months.

12. Due to the Covid-19 pandemic, **GETTUSBURG HOTELS LLC** has been forced to lay off staff, including three front desk/guest service agents, one maintenance person, two housekeeping person and one laundry person.

13. **GETTYSBURG HOTELS LLC** has **$42,000** cash on hand.

14. When entering into the Franchise Agreement with Choice Hotels International, Inc., the Arbitration Provision was presented to **GETTYSBURG HOTELSLLC** on a non-negotiable, take-it-or-leave-it basis.

15. When entering into the Franchise Agreement with Choice Hotels International, Inc., **GETTYSBURG HOTELS LLC** was not represented by legal counsel.

16. For all these reasons, **GETTYSBURG HOTELS LLC**, simply cannot afford the cost of arbitration.

17. **GETTYSBURG HOTELS LLC** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

18. Paying even $7,500.00 for representation in this Action has been a significant financial strain on **GETTYSBURG HOTELS LLC.** Indeed, **GETTYSBURG HOTELS LLC** has entered into a payment plan with White and Williams, because it could not afford to make a single lump-sum payment.

-3-

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this **6th day** of August 2020 in **GETTYSBURG PA**.

**JAYANTI PATEL**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAI SAI BABA LLC *et al.* | CIVIL ACTION No. 5:20-cv-02823 |
| PLAINTIFFS, | |
| V. | |
| CHOICE HOTELS INTERNATIONAL, INC. and | JURY TRIAL DEMANDED |
| CHOICE HOTELS OWNERS COUNCIL, | |
| DEFENDANTS. | |

## DECLARATION OF RAJ PATEL IN SUPPORT OF PLAINTIFFS' <u>OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION</u>

I,RAJ PATEL, declare as follows:

1.      I am the **Managing Member** of **JSK NEW HOPE,LLC** and I have personal knowledge of the facts set forth herein.

2.      **JSK NEW HOPE,LLC** operates **one** hotel(s) operating under a Choice brand mark, located at **6426, Lower York Road,Newhope,PA,18938**

3.      **JSK NEW HOPE,LLC** cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4.      **JSK NEW HOPE,LLC** has/have a maximum occupancy of 138 rooms.

5.      In an average month before the beginning  of the Covid-19 pandemic, the hotel(s) had a normal occupancy rate of **30.60%** at an average daily rate of **$100.16**

6.      Since the beginning of the Covid-19 pandemic, the average occupancy rate has dropped to **6.45.%** at an average daily rate of **$90.33**

7.      In an average month before the beginning of the Covid-19 pandemic,   **JSK NEW HOPE,LLC** had average revenues of approximately **$119,985.70** and expenses of **$160,830.12,**   8.

Due to the Covid-19 pandemic, **JSK NEW HOPE,LLC** has average monthly revenues of approximately **$24,389.56** and expenses of **$41,073.876**

9.        Due to the Covid-19 pandemic,, **JSK NEW HOPE,LLC** has been forced to lay off staff, including **a Full-TimeGeneral Manager,Office Manager 6 Housekeeper, 2 Full-Time Receptionist, a Breakfast Attendant,Maintenance Person and a Laundry Attendant.**

10.        **JSK NEW HOPE,LLC** has approximately **$18,000.00** cash

11.        When entering into the Franchise Agreement with Choice Hotels International, Inc., the Arbitration Provision was presented to **JSK NEW HOPE,LLC** on a non-negotiable, take-it-or-leave-it basis.

12.        When entering into the Franchise Agreement with Choice Hotels International, Inc., **JSK NEW HOPE,LLC** was not represented by legal counsel.

13.        For all of these reasons, **JSK NEW HOPE,LLC**, simply cannot afford the cost of arbitration.

14.        **JSK NEW HOPE,LLC** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

15.        Paying even $7,500.00 for representation in this Action has been a significant financial strain on **JSK NEW HOPE,LLC.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this **10th** of August, 2020 in Newhope, PA

Raj Patel

FAIRMOUNT HOSPITALITY LLC *et al.*　　　　CIVIL ACTION No. 5:20-cv-02823

PLAINTIFFS,

V.

CHOICE HOTELS INTERNATIONAL, INC. and
CHOICE HOTELS OWNERS COUNCIL,

JURY TRIAL DEMANDED

DEFENDANTS.

## DECLARATION OF [NAME OF DECLARANT] IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, **Mihirbhai Patel**, declare as follows:

1.　　I am the **Managing Member** of **Fairmount Hospitality; LLC** and I have personal knowledge of the facts set forth herein.

2.　　**Fairmount Hospitality, LLC** operates **One** hotel(s) operating under a Choice brand mark, located at **101 Broad st , Delaware Water gap, PA 18327**.

3.　　**Fairmount Hospitality, LLC** cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4.　　**Fairmount Hospitality, LLC** has/have a maximum occupancy of **56 rooms.**

5.　　In an average month before the beginning of the Covid-19 pandemic, the hotel(s) had a normal occupancy rate of **37.26%** at an average daily rate of **$93.54**.

6.　　Since the beginning of the Covid-19 pandemic, the average occupancy rate has dropped to **28.97%** at an average daily rate of **$84.07**.

7.　　In an average month before the beginning of the Covid-19 pandemic, **Fairmount Hospitality, LLC** had average revenues of approximately **$60.741.00** and expenses of **$55,750.**

8. Due to the Covid-19 pandemic, **Fairmount Hospitality, LLC** has average monthly revenues of approximately **$43,631.00** and expenses of **$49,100.00.**

9. Due to the Covid-19 pandemic, **Fairmount Hospitality, LLC** has been forced to lay off staff, including **a Full-Time Engineer, a Head Housekeeper, two Full-Time Receptionist, and a Laundry Attendant.**

10. **Fairmount Hospitality, LLC** has approximately **$23,000.00** cash on hand after receiving SBA Disaster Relief thru the Payroll Protection Plan & Economic Injury Disaster Loan programs.

11. When entering into the Franchise Agreement with Choice Hotels International, Inc., the Arbitration Provision was presented to **Fairmount Hospitality, LLC** on a non-negotiable, take-it-or-leave-it basis.

12. When entering into the Franchise Agreement with Choice Hotels International, Inc., **Fairmount Hospitality, LLC** was not represented by legal counsel.

13. For all these reasons, **Fairmount Hospitality, LLC**, simply cannot afford the cost of arbitration.

14. **Fairmount Hospitality , LLC** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

15. Paying even $7,500.00 for representation in this Action has been a significant financial strain on **Fairmount Hospitality, LLC.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this 10th of August 2020 in Monroe Township, **NJ.**

_____
**Mihirbhai Patel**

08/10/2020

JAI SAI BABA LLC *et al.*

CIVIL ACTION No. 5:20-cv-02823

PLAINTIFFS,

V.

CHOICE HOTELS INTERNATIONAL, INC. and
CHOICE HOTELS OWNERS COUNCIL,

JURY TRIAL DEMANDED

DEFENDANTS.

## DECLARATION OF HARRY PATEL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, HARRY PATEL, declare as follows:

1.      I am the **Managing Member** of **RRR HOTEL, LLC** and I have personal knowledge of the facts set forth herein.

2.      **RRR HOTEL, LLC** operates **TWO** hotel(s) operating under a Choice brand mark, located at **815 N. Pottstown Pike, Exton, PA 19341.**

3.      **RRR HOTEL, LLC** cannot afford the cost of individual arbitration against Choice Hotels International, Inc. and the Choice Hotels Ownership Council.

4.      **RRR HOTEL, LLC** has/have a maximum occupancy of 219 rooms.

5.      In an average month before the beginning of the Covid-19 pandemic, the hotel(s) had a normal occupancy rate of **Quality 50.68%-Clarion 50.35%** at an average daily rate of **(Quality Hotel)$63.35(Revpar $34.44) and Clarion hotel ADR $60.88(revpar-$46.18)**

6.      Since the beginning of the Covid-19 pandemic, the average occupancy rate has dropped **Quality Hotel 34.85%** an average daily rate of **$59.86(Revpar-$20.86) Clarion Hotel occupancy 30.92% and ADR $57.38 ( revPar-$17.74)**

7.      In an average month before the beginning of the Covid-19 pandemic, **RRR HOTEL, LLC** had average revenues of approximately **$196,437** and expenses of **$188,256**

8.      Due to the Covid-19 pandemic, **RRR HOTEL, LLC** has average monthly revenues of approximately **$126,625** and expenses of **$155,437**

9.      Due to the Covid-19 pandemic, **RRR HOTEL, LLC** has been forced to lay off staff, including **a Full-Time Office Manager, a Head Housekeeper, 4 Full-Time Receptionist, Two Breakfast Attendants and a Laundry Attendant.**

10.     **RRR HOTEL, LLC** has approximately **$76,000.00** cash

11.     When entering into the Franchise Agreement with Choice Hotels International, Inc., the Arbitration Provision was presented to **RRR HOTEL, LLC** on a non-negotiable, take-it-or-leave-it basis.

12.     When entering into the Franchise Agreement with Choice Hotels International, Inc., **RRR HOTEL, LLC** was not represented by legal counsel.

13.     For all of these reasons, **RRR HOTEL, LLC**, simply cannot afford the cost of arbitration.

14.     **RRR HOTEL, LLC** has only been able to afford representation in this Action due to an arrangement with its counsel, White and Williams LLP, whereby it is only required to pay a $7,500.00 flat attorney's fee, in addition to a contingency fee.

15.     Paying even $7,500.00 for representation in this Action has been a significant financial strain on **RRR HOTEL, LLC.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this **10th** of August, 2020 in Exton, **PA**

Harry Patel