## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAI SAI BABA LLC, *et al.*, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil No. 5:20-cv-02823-JMG |
| | : | |
| CHOICE HOTELS INTERNATIONAL INC., | : | |
| *et al.*, | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 4th day of March, 2024, upon consideration of Defendant's Motion to Confirm Arbitration Award (ECF. No 47), Plaintiff's Response (ECF No. 50), Plaintiff's Motion to Vacate or Modify Arbitration Award (ECF No. 61), Defendant's Response in Opposition (ECF no. 62), and Plaintiff's Reply (ECF No. 64), **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Confirm Arbitration award is **GRANTED.**
2. Plaintiff's Motion to Vacate or Modify Arbitration Award is **DENIED.**[1]

---

[1] Plaintiff moves the Court to vacate the arbitrator's legal determinations as to certain claims and asserts the arbitrator manifestly disregarded the law by interpreting the plain language of the integration clause. The Court disagrees.

A district court's review of an arbitration award is "highly deferential" to the arbitrator's decisions, factual findings, and inferences. *CITGO Asphalt Ref. Co. v. Paper, Allied-Industrial, Chem., & Energy Workers Int'l Union Local No. 2-991*, 385 F.3d 809, 816 (3d Cir. 2004). There is a strong presumption in favor of confirming arbitration awards, which is only overcome in limited circumstances. *Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs*, 357 F.3d 272, 280 (3d Cir. 2004). The Court will only disturb the award where there is a "manifest disregard of the agreement," "totally unsupported by the principles of contract construction." *Id.* (citing *Exxon Shipping Co. v. Exxon Seamen's Union*, 993 F.2d 357, 360 (3d Cir. 1993)). The Court will not overturn the award even if the arbitrator made a mistake of fact, misinterpreted the contract, or made erroneous legal conclusions." *Id.* at 815-16. The Court may vacate an award "only when the arbitrator strayed from his delegated task of interpreting a contract, not when he performed that task poorly." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 572 (2013).

Typically, the FAA governs when an arbitration award can be modified or vacated. However, based on the judicially created doctrine of manifest disregard, arbitration awards have been vacated when it was evident from the record that the arbitrator knew the applicable law, yet chose to ignore it. *See Black Box Corp. v. Markham*, 127 Fed. Appx. 22, 25 (3d Cir. 2005); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). To establish a manifest disregard of the law, the "correct legal standard must have been so obvious that the typical arbitrator would readily and instantly have perceived it, the arbitrator must have been subjectively aware of that standard, and he must have proceeded to ignore that standard in fashioning the award." *Jeffrey M. Brown Assocs., Inc. v. Allstar Drywall & Acoustics, Inc.*, 195 F. Supp. 2d 681, 685 (E.D. Pa. 2002). Mere erroneous interpretation or legal error is not enough to meet the standard. *Metromedia Energy, Inc. v. Enserch Engerfy Servs., Inc.*, 409 F.3d 574, 578 (3d Cr. 2005). In 2008 the Supreme Court held in *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, that the FAA listed the "exclusive grounds" for vacatur and modification of awards. 552 U.S. 576, 594 (2008). As a result, the Third Circuit has not decided whether there continues to be an independent basis to vacate an award for manifest disregard of the law. The Court need not decide this today, as even if there was an independent basis to do so, Plaintiff fails to establish that there was a manifest disregard of the law.

North Dakota law clearly establishes that for a document to be incorporated into a contract more than mere reference is needed. The document must be (1) clearly referenced, (2) have an ascertainable identity, and (3) incorporation must not result in "surprise or hardship." *RTS Shearing, LLC v. BNI Coal, Ltd.*, 965 N.W.2d 40, 44 (N.D. 2021).

Arbitrator Petrikis was interpreting the language of the Agreement when he found that the FDD was incorporated. He specifically relied upon the fact that the FDD was "precisely and conspicuously identified" in the integration clause of the Agreement, which states "No…agreement…not contained in this agreement or in our franchise disclosure document will be of any force or effect." *See*, ECF No. 47 at 33. The arbitrator interpreted this line, in conjunction with the preceding sentences, to mean that the FDD was integrated by specifically being made a part of the agreement. The Court does not find that Arbitrator Petrikis failed to interpret the parties' contract altogether or disregarded clear and unequivocal language. Instead, he interpreted the contract as written and came to a conclusion regarding whether the FDD was integrated. Plaintiff attempted to limit the arbitrator, and then this Court, to focusing on the first sentence of the integration clause. *See*, ECF No. 64 at 7. However, the arbitrator was reasonable in his review of the entire clause, and the language was not so unambiguous to render his interpretation invalid.

Further, Plaintiff relies on evidence that does not conclusively establish that the FDD was not incorporated, and therefore, the correct legal standard was not so obvious that a typical arbitrator would have come to a different conclusion. Plaintiff cites the cover page of the disclosure document stating "The terms of your contract will govern your franchise relationship. Don't rely on the disclosure document *alone* to understand your contract. Read *all of* your contract carefully. Show your contract *and this disclosure document* to an advisor, like a lawyer or an accountant." ECF 61-1 at 12 (emphasis added). This language merely shows that the FDD *alone* does not establish the agreement. However, reasonable minds may differ on whether it can be

3.  Defendant's Request for Attorney's Fees for Response is **DENIED.**[2]

incorporated into the contract. Further, Plaintiff cites the Franchise Rule that states that an FDD must be provided at least 14 days before a binding agreement is signed. *Id.* at 5; 16 C.F.R. § 436.2. Again, this just shows that the FDD itself does not establish a binding contract, and a binding contract will govern the later agreement. However, this language does not conclusively state that an FDD cannot be incorporated into the later agreement. Further, Plaintiff cites *Park 80 Hotels, LLC v. Holiday Hospitality Franchising, LLC*, where the court found the FDD was not incorporated, to support its contention here. *See*, 2023 WL 2445437, at *13 (N.D. Ga. 2023). However, the integration clause in that case merely stated the FDD was not disclaimed. The language differs from this integration clause, and that case is not controlling precedent for the arbitrator to disregard. Plaintiff additionally points to areas of the Agreement where other documents were integrated with more specific language. *See* ECF No. 61-1 at 16. However, this does not show that other, less clear language, could not reasonably establish integration at another part of the Agreement.

The Court offers no opinion regarding whether it agrees or disagrees with Arbitrator Petrikis' interpretation of the integration clause. It merely finds that he did not stray from his delegated task of interpreting a contract, disregard clear language in the contract, or manifestly disregard the law.

Lastly, of note, Defendant argues this Court lacks subject matter jurisdiction over this Motion, because there is no case or controversy since Plaintiff does not seek to alter the monetary award. The Court rejects this argument, as Plaintiff is seeking to vacate legal determinations.

[2] Defendant requests the Court award Defendant attorney's fees for having to respond to Plaintiff's motion to vacate or modify. The Court denies this request, as it finds Plaintiff filed the motion in good faith and does not meet the "no reasonable chance to prevail" standard.

Attorney's fees can be awarded for motions related to arbitration awards if the "defaulting party acted without justification, or if the party resisting arbitration did not have a 'reasonable chance to prevail.'" *Chauffeurs, Teamsters & Helpers, Local Union No. 765 v. Stroehmann Bros. Co.*, 625 F.2d 1092, 1094 (3d Cir. 1980). The policy behind this rule is to avoid "creativity" by a losing party attempting to "escape the consequences" of the bargain to submit to arbitration. *QAD, Inc. v. Block & Co.*, 2022 U.S. Dist. LEXIS 75409 (D.De. 2022) (citing *Mitchell Plastics, Inc. v. Glass, Molders, Pottery, Plastics, & Allied Workers Int'l Union*, 946 F. Supp. 401, 408 (W.D. Pa. 1996)).

Here, Defendant contends that Plaintiff's current motion lacks justification and had no reasonable chance to prevail. While the Court finds the raised issue to be one of contract interpretation, and therefore limits its review to whether the arbitrator manifestly disregarded the law, it finds Plaintiff brought the motion to vacate in good faith. Plaintiff argued that the plain language of the first sentence of the integration clause unambiguously states only "attachments and any agreement specifically made a part of this agreement" can be integrated. Plaintiff contends that since the FDD was not attached, nor was it an agreement, it could not be integrated into the final agreement, and therefore, there was nothing to interpret. *See generally*, ECF Nos.

4. Judgment shall be entered against Choice Hotels International, Inc. in the amount of $779, 398.40.

5. Choice Hotels International, Inc. shall pay post-judgment interest in accordance with 28 U.S.C. § 1961 from the date that the Court enters judgment confirming the Final Award until the date Judgment is satisfied; and

6. The Court shall retain jurisdiction for the purposes of further proceedings necessary to enforce this Court's Judgment.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

61, 64. While the Court disagrees with this argument. It does not find it was brought without justification.