**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAI SAI BABA LLC, *et al.*,<br>Plaintiffs,<br><br>v.<br><br>CHOICE HOTELS INTERNATIONAL INC., *et al.*,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 5:20-cv-02823-JMG |

**ORDER**

**AND NOW,** this 10th day of October, 2025, upon consideration of Plaintiffs Motion to Partially Vacate or Modify the Arbitration Award (ECF No. 92), Defendant Choice of Hotels International Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion to Partially Vacate or Modify Arbitration Award (ECF No. 94) and DIP Hospitality, LLC's Reply Memorandum in Support of Motion to Partially Vacate or Modify Arbitration Award (ECF No. 95), **IT IS HEREBY ORDERED** that the Motion (ECF No. 92) is **DENIED**.[1]

---

[1] A district court must presume that an arbitral award is enforceable under the FAA. *See Sutter v. Oxford Health Plans LLC,* 675 F.3d 215, 219 (3d Cir. 2012) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983)).

"Arbitration awards are entitled to extreme deference." *Stone v. Bear, Stearns & Co.*, 872 F. Supp. 2d 435, 438 (E.D. Pa. 2012), *judgment entered*, 2012 WL 1946970 (E.D. Pa. May 29, 2012), and *aff'd*, 538 F. App'x 169 (3d Cir. 2013). Obtaining a vacatur of an arbitral award is a "steep climb." *Credit One Bank, N.A. v. Lieberman*, 2023 WL 4014471, at *2 (3d Cir. June 15, 2023) (quoting *France v. Bernstein*, 43 F.4th 367, 377 (3d Cir. 2022)). That climb is a burden belonging to the moving party. *Id*. (citing *Jersey Shore Univ. Med. Ctr. v. Loc. 5058, Health Prof'ls & Allied Emps*., 2017 WL 1025180, at *3 (D.N.J. Mar. 16, 2017).

> There are limited routes to vacate an arbitral award, including:
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the

> controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. §10(a)(1-4). These limited routes are described as "egregious departures from the parties' agreed-upon arbitration." *Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008).

Arbitrators have the power to interpret contracts, make credibility determinations, and act as the factfinders. *See Egan Jones Ratings Co. v. Pruette*, 765 F. App'x. 659, 662 (3d Cir. 2019) (citing *Acro–Polymers, Inc. v. Loc. 8-74*, 671 F.2d 752, 755 (3d Cir. 1982)). "'The Supreme Court has made clear that findings of fact and inferences to be drawn therefrom are the exclusive province of the arbitrator.'" *Id.* at 662 (quoting *Exxon Shipping Co. v. Exxon Seaman's Union*, 73 F.3d 1287, 1297 (3d Cir.1996)). Reviewing courts do not have the power to "reexamine the evidence" after the arbitrator. *Id.* (citing *Mut. Fire, Marine & Inland Ins. Co. v. Norad Reins. Co. Ltd.*, 868 F.2d 52, 56 (3d Cir. 1989); accord *Misco*, *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36-38 (1987). "If an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." *Akers Nat. Roll Co. v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int. Union*, 712 F.3d 155, 160 (3d Cir. 2013) (citing *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

Based on the judicially created doctrine of manifest disregard, arbitration awards have been vacated when it was evident from the record that the arbitrator knew the applicable law yet chose to ignore it. *See Black Box Corp. v. Markham*, 127 Fed. Appx. 22, 25 (3d Cir. 2005); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). To establish a manifest disregard of the law, the "correct legal standard must have been so obvious that the typical arbitrator would readily and instantly have perceived it, the arbitrator must have been subjectively aware of that standard, and he must have proceeded to ignore that standard in fashioning the award." *Jeffrey M. Brown Assocs., Inc. v. Allstar Drywall & Acoustics, Inc.*, 195 F. Supp. 2d 681, 685 (E.D. Pa. 2002). Mere erroneous interpretation or legal error is not enough to meet the standard. *Metromedia Energy, Inc. v. Enserch Engerfy Servs., Inc.*, 409 F.3d 574, 578 (3d Cr. 2005).

Here, Plaintiffs argue that the panel, ignored Section 16 of the Franchise Agreement, which mandates that arbitrator fees and arbitration costs will be paid to the prevailing party. ECF No. 92 at p. 19. Yet Plaintiffs have not established that the panel knew the appliable law but ignored it anyways. Instead, Plaintiffs simply argue that "the panel ignored Section 16 because, ***for whatever reason***, they wanted to apportion the arbitration fees and costs." ECF No. 95 at p.7 (emphasis added).

The Final Award of the Arbitrators clearly states that the Arbitrators have considered all "evidence submitted… with respect to the administrative fees of the AAA, and the fees and expenses of the Arbitrators. The Arbitrators have applied the legal principles applicable to those fees, costs, and expenses, including the burden of proof, have considered the contractual

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

obligations of the parties and applicable law" in making their determination." ECF No. 92, Exhibit 2 at p. 6.

This Court offers no opinion on the panel's interpretation of Section 16 of the Franchise Agreement, instead it merely finds that there is no basis to vacate the arbitral award, as none of Plaintiffs claims meet the high legal standard required for vacatur.

Plaintiffs motion is denied.